UNITED STATES BANKRUPTCY COURT
DISTRICT OF MASSACHUSETTS
CENTRAL DIVISION

|  |  |
|---|---|
| In re:<br><br>ROXANNE GAUTHIER<br><br>Debtor | Chapter 13<br>Case No. 10-44638-MSH |

**MEMORANDUM AND ORDER ON DEBTOR'S AMENDED OBJECTION TO CLAIM NO. 3 OF FIA CARD SERVICES**

On September 19, 2010 Roxanne Gauthier commenced this bankruptcy case under Chapter 13 of the United States Bankruptcy Code (11 U.S.C. § 101 *et seq.*). Ms. Gauthier listed on Schedule F to her bankruptcy petition an undisputed debt owed to "Bank of America Inquiries" in the amount of $32,661.15 on a credit card account with an account number ending in 3186. On October 25, 2010 FIA Card Services filed its proof of claim in this case, docketed as claim no. 3, asserting an unsecured claim against the debtor in the amount of $35,254.93. FIA attached a "Statement of Accounts" to its proof of claim, on which it stated that FIA was the successor in interest to Bank of America NA on two of Ms. Gauthier's credit card accounts with account numbers ending in 3186 and 8527. The debtor objected to FIA's proof of claim. Subsequently, a Notice of Transfer/Assignment of Claim (Form 210A) was filed to notify the court and interested parties that FIA Card Services had transferred its claim to Portfolio Recovery Associates, LLC. In order to include Portfolio in its claim objection, the debtor filed an amended objection to claim no. 3. Neither Portfolio nor FIA filed a response to the debtor's amended objection. After due notice to Portfolio and FIA, the debtor's claim objection came before me for hearing on June 28, 2011. Neither FIA nor Portfolio appeared at the hearing.

1

It is the debtor's position that under Massachusetts law FIA has failed to prove ownership of the Bank of America account and thus claim no. 3 should be disallowed under Bankruptcy Code § 502(b)(1) which provides for disallowance of a claim to the extent "such claim is unenforceable . . . under any agreement or applicable law." The debtor cites *B-Real, LLC v. Melillo (In re Melillo)*, 392 B.R. 1 (1st Cir. BAP 2008), and *Unifund CCR Partners v. Mendel*, No. 06-WAD-05, 2007 WL 1098640 (Mass. App. Div. Apr. 10, 2007), for the proposition that an assignee must provide "sufficient evidence" that it owns the account in question to have an enforceable claim under state law.

In previous cases I have overruled objections by debtors to proofs of claim by assignees when the debtors had scheduled as undisputed the very same claims but in the names of the original holders. In those cases the assignee submitted along with its proof of claim some evidence of the assignment, usually a certification by a representative of the assignee sworn to under the pains and penalties of perjury. Here, the Statement of Accounts attached to the proof of claim contains no such certification, nor did FIA or Portfolio come forward to offer any evidence of an assignment in response to the debtor's objection.

As observed by the Bankruptcy Appellate Panel for the First Circuit in *In re Melillo*, under Massachusetts law "the statute of frauds does not require that the assignment of an unsecured credit card account be evidenced by a writing. Nevertheless, to enforce its claim, an assignee must prove that it owns the account in question." 392 B.R. at 5 (citing Mass. Gen. Laws Ann. 259, § 1). So, for example, if an assignee were to bring a collection complaint against a credit card debtor in state court, in order to survive a motion to dismiss for lack of subject matter jurisdiction, which is the procedural device for challenging a party's standing, *Ginther v. Commissioner of Ins.*, 693

2

N.E.2d 153, 156 (Mass. 1998), the assignee would have to come forward with some evidence that it owned the account upon which the suit was instituted.

Where as here the assignees have submitted no evidence whatsoever that Bank of America assigned its claim to FIA Card Services, I must sustain the debtor's objection and disallow claim no. 3 in its entirety.

SO ORDERED.

Dated: November 21, 2011                                          By the Court,

                                                                  _____
                                                                  Melvin S. Hoffman
                                                                  U.S. Bankruptcy Judge